UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDIE L. Z., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:18-CV-01074-RSL-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: June 7, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The parties agree the Administrative Law Judge ("ALJ") committed reversible error. Plaintiff requests the Court remand this matter for payment of benefits, while Defendant maintains the case should be remanded for further administrative proceedings. As there are outstanding issues to be resolved, the undersigned recommends the Court remand this case for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On January 14, 2015, Plaintiff filed an application for DIB, and on December 16, 2015, Plaintiff filed an application for SSI. *See* Dkt. 9, 13, Administrative Record ("AR") 690. In both applications, Plaintiff alleges disability beginning May 2, 2014. AR 690. The applications were denied upon initial administrative review and on reconsideration. *See* AR 690. ALJ M.J. Adams held a hearing on January 3, 2017. AR 18-53. In a decision dated May 19, 2017, the ALJ determined Plaintiff to be not disabled. AR 687-707. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 681-86; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred: (1) in his consideration of medical opinion evidence from Dr. Margaret Cunningham, Ph.D.; Dr. Tess Moore, M.D.; Dr. Philip Zylstra, M.D.; Dr. Brad Tyson, Ph.D.; (2) at Step Two of the sequential evaluation process; (3) by failing to properly consider Plaintiff's subjective symptom testimony; (4) by failing to reconcile a conflict between testimony from the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT") and thus, in his Step Four findings. Dkt. 14, pp. 3-17. Plaintiff requests the Court remand this case for an award of benefits. *Id.* at pp. 17-18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

|   |   |
|---|---|
| 1 | DISCUSSION |

Plaintiff and Defendant agree the ALJ committed reversible error in evaluating the medical opinion evidence and by failing to reconcile a potential inconsistency between the VE's testimony and the DOT. *See* Dkt. 14, 18, 19. Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 14, 18, 19.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citation omitted). Therefore, even if the "credit-as-true" conditions are satisfied, a court should

nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

In this case, as to the first prong of the credit-as-true test, the parties agree the ALJ committed reversible error in his evaluation of the medical opinion evidence and by failing to reconcile a potential conflict between the VE's testimony and the DOT. *See* Dkt. 14, 18, 19. However, as to the second prong of the credit-as-true test, there are outstanding issues that must be resolved before a disability determination can be made. For example, Dr. Cunningham performed two psychological examinations of Plaintiff – one in May 2014 and one in December 2015. *See* AR 344-54, AR 661-70. Dr. Cunningham's opinions conflict with one another, as she opined to distinct findings in each opinion. *Compare* AR 347 *with* AR 664. The ALJ summarized Dr. Cunningham's opinions and wrote "*[t]his* opinion is given some weight." AR 700 (emphasis added). However, because Dr. Cunningham rendered two opinions and opined to distinct limitations in each opinion, it is unclear which limitations the ALJ intended to assign "some weight" and which limitations the ALJ intended to reject. *See* AR 700-01. Thus, remand is appropriate so the ALJ may properly weigh Dr. Cunningham's opinions, particularly given the conflicting nature of her opinions. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (citations omitted) ("The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity.").

There are further outstanding issues in the medical opinion evidence that must be resolved before a disability determination can be made, such as other conflicting medical opinions. For instance, while Dr. Cunningham opined that Plaintiff is severely limited in her ability to communicate and perform effectively in a work setting, Drs. Cynthia Collingwood,

1  Ph.D., and Christmas Covell, Ph.D., opined Plaintiff has only moderate limitations in workplace
2  social interactions. *Compare* AR 138 *and* AR 153 *with* AR 664. The resolution of this conflict is
3  firmly within the province of the ALJ. *See Dominguez v. Colvin*, 808 F.3d 403, 409-10 (9th Cir.
4  2015) (remanding for further proceedings rather than an award of benefits partly due to
5  conflicting medical opinions); *see also Morgan*, 169 F.3d at 603 ("Determining whether
6  inconsistencies [between medical opinions] are material . . . and whether certain factors are
7  relevant to discount" medical opinions falls within the ALJ's responsibility.).
8         In addition to the gaps and conflicts present in the medical opinion evidence, there are
9  further outstanding issues that must be resolved before a disability determination may be made.
10 In particular, there is a potential inconsistency between the VE's testimony and the DOT.
11 "Presumably, the opinion of the VE would comport with the DOT's guidance." *Lamear v.*
12 *Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). If, however, the VE's opinion that the claimant
13 can work "conflicts with, or seems to conflict with, the requirements listed in the [DOT]," the
14 ALJ has an obligation to ask the VE to reconcile the conflict before relying on the VE's
15 testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing Social Security Ruling
16 ("SSR") 00-4p, 2000 WL 1898704, at *2 (2000)); *see also Massachi v. Astrue*, 486 F.3d 1149,
17 1152-53 (9th Cir. 2007).
18        In this case, the RFC and the hypothetical questions the ALJ posed to the VE limited
19 Plaintiff to understanding, remembering, and carrying out simple instructions. *See* AR 44, 696.
20 The VE testified that, based on the ALJ's hypothetical questions, Plaintiff could perform her past
21 relevant work as a courier. AR 45. Yet the DOT's stated demand for a courier position is Level 2
22 Reasoning, which requires an individual to "[a]pply commonsense understanding to carry out
23 *detailed but uninvolved* written or oral instructions." *See* DOT 230.663-010, 1991 WL 672160
24

(emphasis added). The parties agree the ALJ failed to reconcile the potential conflict between an individual's ability to understand, remember, and carry out "simple" instructions and the Level 2 Reasoning demands for "detailed but involved" instructions. *See* Dkt. 14, pp. 16-17; Dkt. 18, pp. 3-4. Accordingly, remand of this matter is appropriate so the ALJ may reconcile this potential conflict and, if necessary, determine Plaintiff's ability to perform other jobs existing in significant numbers in the national economy at Step Five.

In sum, this case does not present rare circumstances in which an immediate award of benefits is appropriate. There are outstanding issues that must be resolved, such as conflicts and gaps in the medical opinion evidence and between the VE's testimony and the DOT. *See Dominguez*, 808 F.3d at 410 (remand for further proceedings is the proper course where there are "inconsistencies, conflicts, and gaps in the record"). Hence, the record does not reflect "further administrative proceedings would serve no useful purpose[.]" *Morgan*, 169 F.3d at 603; *see also Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (if the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings). The undersigned therefore recommends the Court remand this matter to the agency for further proceedings.[1]

Plaintiff maintains in the Reply Brief that she was found disabled in a subsequent claim filed in summer 2018. Dkt. 19, p. 1. Plaintiff requests the Court direct the ALJ to "leave the subsequent finding of disability undisturbed" on remand. *Id.* at pp. 2-3. Internal agency guidance allows the Social Security Administration ("SSA") to take "action" on a subsequent favorable disability finding if a prior disability claim is remanded by a court. *See* Hearings, Appeals, and

---

[1] Because the second prong of the credit-as-true test is not met, the Court need not reach the third prong of the test. *See Treichler*, 775 F.3d at 1107 (declining to determine whether the ALJ would be required to find the claimant disabled under the third prong of the credit-as-true test where the claimant failed to satisfy the second prong); *see also Dominguez*, 808 F.3d at 410 (same).

Litigation Law Manual ("HALLEX") I-1-10-50 ("Appeals Council - Processing a Court-Initiated Remand with a Subsequent Claim(s)") (last updated July 17, 2017); *see also* 20 C.F.R. §§ 404.988, 416.1488. Plaintiff points to no authority, however, indicating the Court may direct the SSA to deviate from these procedures. The record here also lacks information regarding Plaintiff's subsequent claim such that the Court is unable to ascertain whether, and if so, how, the subsequent disability claim is related to the present claims. *See generally* Dkt. 9, 13. Therefore, the undersigned recommends the Court deny this request from Plaintiff.

On remand, the undersigned recommends the Court direct the ALJ to re-evaluate this entire matter, including:

- Offering Plaintiff the opportunity to submit additional evidence and hold a *de novo* hearing;
- Re-evaluating Plaintiff's severe impairments at Step Two of the sequential evaluation process, the medical opinion evidence as a whole, and Plaintiff's subjective symptom testimony;
- Reconciling any potential conflicts between the VE's testimony and DOT; and
- Reassessing the RFC, the Step Four findings, and, if necessary, the Step Five findings to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

1     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 7, 2019,

6 as noted in the caption.

7     Dated this 20th day of May, 2019.

                                                     David W. Christel
                                                     United States Magistrate Judge